IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CR-511-WKW |
| | ) | [WO] |
| LILLIAN AKWUBA | ) | |

## MEMORANDUM OPINION AND ORDER

On May 18, 2022, the court began a resentencing hearing of Defendant Lillian Akwuba. In order to clarify the record of this proceeding and to address the concerns raised by Defendant in her sentencing memorandum and during the live hearing, the court adjourned without imposing a sentence, ordered that the hearing would be reconvened on May 23, 2022, and indicated that a written order would be issued. This is that order.

### I. BACKGROUND

On November 30, 2017, the grand jury returned a thirty-three-count indictment against Defendant Lillian Akwuba and three co-defendants. (Doc. # 1.) A superseding indictment was filed on January 10, 2018. (Doc. # 58.) A second superseding indictment was filed on February 23, 2018. (Doc. # 146.) A third superseding indictment was filed on May 1, 2018. (Doc. # 247.) A fourth superseding indictment was filed on May 31, 2018. (Doc. # 295.)

The fourth superseding indictment alleged that Akwuba, while licensed as a nurse practitioner, prescribed opiates to patients outside the usual course of professional medical practice and for no legitimate medical purposes. It further alleged that Akwuba operated a "pill mill," falsely reported the nature and extent of her prescriptions, unlawfully practiced medicine without the proper supervision of a medical doctor, and illegally laundered the proceeds of her criminal venture. (Doc. # 295.) Fifteen individuals were indicted in this case. Two had their charges dropped; twelve pleaded guilty; and only Akwuba proceeded to trial.

On October 9, 2018, a jury trial was held before the Honorable Sharon Lovelace Blackburn, Senior United States District Judge of the United States District Court for the Northern District of Alabama, sitting by designation in this court. Twenty-seven counts were presented to the jury at trial. On October 29, 2018, the jury returned a verdict of guilty on twenty-three counts and not guilty on four counts. (Doc. # 420.)

The United States Probation Office prepared a presentence report prior to Akwuba's sentencing. The presentence report calculated that Akwuba was responsible for the illegal distribution of 41,847.78 kilograms of various controlled substances. The offense level received several adjustments due to the nature and circumstances of the crimes. In particular, a two-point adjustment was added because Akwuba had perjured herself at trial. The presentence report calculated that

the crimes resulted in a loss of $7,716,668.48 to various victims. The sentence recommended by the Sentencing Guidelines was a term of imprisonment for life.

Akwuba did not file any objections to the presentence report and did not raise any issues with the presentence report in her sentencing memorandum. (Doc. # 500.) On May 29, 2019, Judge Sharon Blackburn sentenced Akwuba to a term of imprisonment for 120 months to run concurrently as to all twenty-three counts, followed by three years of supervised release to run concurrently as to all twenty-three counts. (Doc. # 511.) Akwuba was ordered to pay a $2,300 special assessment and $333,219.40 in restitution. This sentence was a significant downward departure from the range recommended by the Sentencing Guidelines.

Akwuba appealed. (Doc. # 508.) While her appeal was pending, the case was reassigned to the undersigned Senior United States District Judge.

On August 11, 2021, the United States Court of Appeals for the Eleventh Circuit issued an opinion in Akwuba's appeal. The Eleventh Circuit rejected all but one of Akwuba's arguments for reversal, reversing only the conviction on Count 24.

Counts 21 through 27 of the fourth superseding indictment pertained to health care fraud. Count 24 specifically charged that an illegal billing had been made to Blue Cross Blue Shield of Alabama on or about January 21, 2014, through January 14, 2016 for a patient identified as C.W. (Doc. # 295 at 20.) On appeal, the Government conceded that the evidence was insufficient to support this count

because Indian Nat Insurance—an insurance provider not named in the indictment—was in fact the entity that had been billed for the prescriptions issued on those dates to that patient.  (Doc. # 600.)

On appeal, no challenges were made to the sentencing process or outcome, and the Eleventh Circuit did not address sentencing at all in its opinion.

The Eleventh Circuit concluded its opinion as follows:

> In conclusion, we reverse Ms. Akwuba's conviction for health care fraud under Count 24.  We affirm the remainder of her convictions and the district court's evidentiary rulings.  With regards to the contested jury instruction, we find no plain error affecting Ms. Akwuba's substantial rights, and thus affirm.
>
> AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

(Doc. # 600.)  The Eleventh Circuit did not indicate what the district court should do upon remand.

The Eleventh Circuit issued its mandate on September 9, 2021.  (Doc. # 601.)  On November 8, 2021, Akwuba filed a *pro se* motion for a resentencing hearing.  Akwuba did not indicate any grounds for a resentencing other than the fact that the Eleventh Circuit had reversed in part and remanded the case.  Akwuba did not indicate the counts on which a resentencing was warranted.  (Doc. # 602.)

On November 16, 2021, this court entered an order vacating the conviction and sentence on Count 24 and scheduling a resentencing hearing.  The court did not

4

indicate which counts, if any, were in need of resentencing.  (Doc. # 603.)  Akwuba received appointed counsel for the purpose of resentencing.

The court ordered the Probation Office to generate a new addendum to the presentence report and ordered that any objections to the presentence report be filed within seven days of receiving the addendum.  The addendum was provided to the parties and the court on December 2, 2021.

On the remaining twenty-two counts, the sentencing guidelines still recommend a term of imprisonment for life.  No objections to the presentence report, including the addendum, were filed.

## II.  THE "SENTENCING PACKAGE" DOCTRINE

The case now before the court appears, at first glance, to be a closed case.  One conviction and sentence have been vacated after remand.  Twenty-two convictions with sentences of 120 months each were affirmed by the Eleventh Circuit, and no challenges have been made to the respective sentences.  But the law and practice of sentencing in federal courts is not so simple.

One example to illustrate the potential complexity of resentencing is *United States v. Fowler*, 749 F.3d 1010 (11th Cir. 2014).  In *Fowler*, the defendant was convicted on one count of witness tampering and one count of using a firearm during a federal crime of violence, after the defendant shot and killed a police officer who had stumbled across the defendant preparing a bank robbery.  *Id.* at 1012.  The

defendant was sentenced to a term of life imprisonment on the first count and a consecutive term of ten years on the second. *Id.* at 1013. However, the conviction and sentence on the first count were vacated on appeal. *Id.* at 1013–14.

When the case returned to the district court, the Government dismissed the first count and the district court weighed whether resentencing was necessary for the untouched second count. *Id.* at 1014. The district court concluded that a resentencing was proper under the so-called "sentencing package doctrine." The "sentencing package doctrine"[1] is the idea that "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the 'sentence package'—that reflects the guidelines and the relevant § 3553(a) factors." *Id.* at 1015.

> The thinking is that when a conviction on one or more of the component counts is vacated for good, the district court should be free to reconstruct the sentencing package (even if there is only one sentence left in the package) to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances.

*Id.*

What constitutes a "package" for purposes of the sentencing package doctrine is not clearly defined. A "package" can be created if the counts are "interdependent,"

---

[1] Judge Carnes in *Fowler* observed that "[t]he label 'sentencing package doctrine' is a bit of a misnomer. It is not so much a doctrine as it is a common judicial practice grounded in a basic notion of how sentencing decisions are made in cases involving multiple counts of conviction." *Id.* at 1015. Nevertheless, the word "doctrine" is used herein because that is how the practice has routinely been labeled.

*see id.* (quoting *United States v. Mixon*, 115 F.3d 900, 903 (11th Cir. 1997); *United States v. Watkins*, 147 F.3d 1294, 1297 (11th Cir. 1998), if there is a "multi-count conviction," *United States v. Lail*, 814 F.2d 1529, 1529 (11th Cir. 1987); *United States v. Rosen*, 764 F.2d 763, 767 (11th Cir. 1985), or if the counts were "grouped pursuant to the Sentencing Guidelines at the original sentencing," *United States v. Miller*, 594 F.3d 172, 182 (3d Cir. 2010). *But cf. Fowler*, 749 F.3d at 1018 n.5 (holding that grouping under the Sentencing Guidelines is not necessary to create a "package"). What does appear to be settled is that not every group of sentences imposed under the same indictment must be treated as a single "package." *Green v. United States*, 365 U.S. 301, 306 (1961); *Sullivan v. United States*, 485 F.2d 1352, 1355 (5th Cir. 1973).

Complicating the matter further, even when a group of sentences is a "package" for purposes of the sentencing package doctrine, reversal of one sentence within the package does not necessarily require resentencing of the others. Instead, the decision of whether to resentence is left to the discretion of the district court. *See United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010) ("[W]e have adopted a 'holistic approach' to resentencing, treating a criminal sentence as a 'package of sanctions' that *may* be fully revisited upon resentencing." (citation omitted) (emphasis in original)); *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) ("[T]he district court is free to reconstruct the sentence . . . ."); *Rosen*,

764 F.2d at 765–66 ("[The district court] may vacate all sentences even if only one is reversed on appeal."); *Miller*, 594 F.3d at 180 ("[T]he judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand . . . if that appears necessary in order to ensure that the punishment still fits both crime and criminal." (quoting *United States v. Davis*, 112 F.3d 118, 122 (3d Cir. 1997)) (alteration adopted)).  This discretionary aspect to the sentencing package doctrine is puzzling.  A decision that "the punishment still fits both crime and criminal" is essentially a decision that *de novo* sentencing would have resulted in the same outcome (or at least a similar outcome).  This process is difficult to navigate without making what amounts to a premature *de novo* sentencing decision.  It is especially difficult for a judge who is assigned to the case after the original sentencing.

In the interests of providing a just process, an appropriate sentence, and avoiding unnecessary analysis of the interdependencies of the original sentence, the court, in its discretion, resentences Akwuba on all twenty-two remaining counts.  Without any instruction or limitation from the Eleventh Circuit, conducting a full resentencing is within the scope of the mandate.  *See Martinez*, 606 F.3d at 1304; *United States v. Armas*, 748 F. App'x 964, 965 (11th Cir. 2018).

### III.  CALCULATION OF DRUG QUANTITIES

In the evening before the resentencing hearing convened, Akwuba filed a sentencing memorandum.  In her memorandum, Akwuba argues that the presentence report improperly calculated the drug quantities involved in her crimes.  Specifically, she says that the calculation itself was an unconstitutional exercise because the final drug amount was not determined by a jury beyond a reasonable doubt.  This memorandum was filed past the deadline for objections to the presentence report.  It is also notable that Akwuba did not object when the same calculation was made in the leadup to her first sentencing.  But whether timely or untimely, the argument has no merit.

In *Jones v. United States*, 526 U.S. 227 (1999), the Supreme Court held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  *Id.* at 243 n.6.  This requirement was extended to state prosecutions in *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000).

The Supreme Court and the Eleventh Circuit have clarified how *Jones* and *Apprendi* apply specifically for drug quantities.  Under *Alleyne v. United States*, 570 U.S. 99, 107 (2013), and *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001),

there are two situations where a sentencing court can rely on a drug quantity in violation of *Jones* and *Apprendi*. First, if the higher drug quantity creates a new mandatory minimum sentence under the statute and the sentencing court increases the sentence to meet the new mandatory minimum, then that is a violation of *Jones* and *Apprendi* unless the jury found the higher drug quantity beyond a reasonable doubt. Second, if the higher drug quantity removes or raises the statutory maximum sentence and the sentencing court sets the sentence above the previous maximum, then that is a violation of *Jones* and *Apprendi* unless the jury found the higher drug quantity beyond a reasonable doubt.

Neither situation applies here. There was no change to a statutory minimum or the statutory maximum as a result of the calculation of drug quantities. Akwuba's argument therefore fails.

The *maximum* and *minimum* penalties under the criminal code are calculated separate from the *recommended* sentence under the Sentencing Guidelines. The Sentencing Guidelines are not statutory law and cannot change the maximum or minimum sentence allowed by law. When calculating a recommended sentence under the Sentencing Guidelines, the court considers all the circumstances of the crime, the characteristics and history of the defendant, and other pertinent information. *See* 18 U.S.C. § 3553(a). When doing this, the court can take into account a drug quantity even if it is not found by a jury beyond a reasonable doubt.

It is therefore ORDERED that Akwuba's sentencing memorandum is CONSTRUED as containing an objection to the presentence report, and that the objection is OVERRULED. The resentencing proceeds as described above.

DONE this 23rd day of May, 2022.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE